# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 19-CR-01955-BAS |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MODIFICATION OF CONDITIONS OF RELEASE** |
| LEOPOLDO LORA AGUILERA, | |
| Defendant. | |

On May 9, 2019, the Court conducted a detention hearing on the Government's motion to detain Defendant based on serious risk of flight. The court denied the Government's motion and set conditions of release, to include a condition of home detention and GPS monitoring. (ECF Nos. 11, 12.) On September 9, 2019, Defendant entered a guilty plea before Judge Bashant. (ECF No. 25.) On the same day, Judge Bashant granted the parties' joint motion to modify the conditions of pretrial release; the condition of home detention was changed to a curfew with continued location monitoring. *Id.* On January 14, 2020, a bond hearing was held on Defendant's oral motion to modify conditions of release to eliminate GPS monitoring. Assistant United States Attorney Blanca Quintero appeared on behalf of the United States, and Roxana Sandoval, Federal Defenders of San Diego, appeared on behalf of the Defendant, whom was present.

The United States opposes the motion. Pretrial Services does not oppose the motion. The Court considered the information in the Pretrial Services Report, the

position of Pretrial Services, the proffer by the United States, the proffer from the defense, including, but not limited to:

- Defendant is a United States citizen who lived in Southern California most of his life but who was living in Tijuana, Baja California, Mexico with his wife for the last five to six years up until his arrest.
- Defendant has a father, two siblings, and four children (two adult, two juvenile) from prior marriages who live in the San Diego area.
- Defendant had been employed full-time prior to his arrest, but did not believe he would be able to return to his job at the bank in light of this arrest.
- Defendant has some health issues, including diabetes and glaucoma.
- Defendant has one misdemeanor conviction from 2009 and his probation in that case was revoked three times.
- Defendant had a traffic failure to appear from 2017 which he seems to have resolved in 2018.
- On May 9, 2019, Defendant violated the conditions of his release by making an unauthorized stop at an ATM machine which was detected as a result of his GPS monitoring. Defendant has otherwise been in compliance with his conditions of release.
- On September 9, 2019, Defendant pled guilty and is currently awaiting sentencing. The guidelines for this offense indicate an exposure to a significant amount of time in custody.
- Per the Government proffer:
    - Defendant's criminal conduct, to which he has pled guilty, amounts to using his position as a personal banker to help a Mexican drug trafficking/money laundering organization move money between Mexico and the United States by opening false bank accounts.
    - The drug trafficking/money laundering organization is linked to fentanyl seizures in the Midwest and also to bulk cash deposits into

- fictitious bank accounts in the Midwest and the East Coast. From there, money was transferred by checks into fictitious accounts opened by Defendant. The money was then wire-transferred to Mexico.
  - The drug trafficking/money laundering organization for which Defendant worked used false identification, including false passports, to facilitate money laundering activities.
  - Defendant's wife lives in Mexico and does not have status in the United States.
  - One of the accounts into which money from these fictitious bank accounts was deposited is in Defendant's wife's name.
  - The guideline range in the case is 57 to 71 months.
- Defendant proffered:
  - The sureties support the proposed modification.
  - When asked to identify any hardship associated with continued GPS monitoring, Defendant indicated that he has to wear two socks—one under the monitor and one over it—so the monitor doesn't hurt his leg. After the request to modify the conditions of release was denied, Defendant added an addition hardship: that he sometimes has to kneel while working at Target and when he kneels the monitor gets in the way and is also sometimes visible to others.

The Court determines that Defendant continues to present a risk of flight and the conditions in place, including GPS monitoring, are the least serious conditions that the Court could set that would reasonably assure Defendant's appearance at future court dates.

IT IS HEREBY ORDERED that Defendant's request to modify conditions of release to remove location monitoring is DENIED.

IT IS SO ORDERED.

Dated: January 22, 2020

Hon. Jill L. Burkhardt
United States Magistrate Judge